UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CASE NO. 6:23-cv-1701-RBD-RMN

**VICTOR ARIZA,**

    Plaintiff,

vs.

**RUMI ONLINE INC.,**

    Defendant.
_____/

## NOTICE OF FILING PLAINTIFF'S RESPONSES TO COURT INTERROGATORIES

Plaintiff VICTOR ARIZA, through undersigned counsel and in compliance with this Court's ADA Scheduling Order dated September 11, 2023 [ECF No. 6], hereby gives notice of filing Plaintiff's Responses to Court Interrogatories attached as Exhibit "A".

| | |
|---|---|
| **RODERICK V. HANNAH, ESQ., P.A.**<br>Counsel for Plaintiff<br>4800 North Hiatus Road<br>Sunrise, FL 33351-7919<br>T. 954/362-3800<br>954/362-3779 (Facsimile)<br>Email: rhannah@rhannahlaw.com<br><br>By   *s/ Roderick V. Hannah*<br>    RODERICK V. HANNAH<br>    Fla. Bar No. 435384 | **LAW OFFICE OF PELAYO DURAN, P.A.**<br>Co-Counsel for Plaintiff<br>4640 N.W. 7th Street<br>Miami, FL 33126-2309<br>T. 305/266-9780<br>305/269-8311 (Facsimile)<br>Email: pduran@pelayoduran.com<br><br>By   *s/ Pelayo M. Duran*<br>    PELAYO M. DURAN<br>    Fla. Bar No. 0146595 |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 22nd day of September, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to counsel of record and have served the same via U.S. Mail to Defendant at the address below:

**Defendant RUMI ONLINE, INC., d/b/a RUMI LIFE**
c/o Alexandra Rutirich
Manager
200 Baychester Avenue, Space 104
Bronx NY  10475

                                                                   /s/ Roderick V. Hannah
                                                                      Roderick V. Hannah

# Exhibit "A"
## Plaintiff's Responses to Court Interrogatories

1. Your residential address.

   **RESPONSE:**

   **1451 North East 169th Street, Unit 102, Miami, Florida 33162**

2. The Name of your current employer and place of employment.

   **RESPONSE:**

   **I am currently unemployed.**

3. Describe the nature of your disability.

   **RESPONSE:**

   **I have been blind and visually disabled in that I suffer from optical nerve atrophy, a permanent eye disease and medical condition that substantially and significantly impairs my vision and limits my ability to see. Because I am blind, I cannot use my computer without the assistance of appropriate and available screen reader software.**

4. List each of the defendant's websites (including the URL of the website) that you visited that are at issue in this case and the date(s) you visited those websites?

   **RESPONSE:**

   **I first visited the Defendant's website, https://www.rumilifeshop.com, on my personal computer on May 28, 2023.**

5. Did anyone else review or visit the defendant's website with you on the date(s) specified above? If so, state such persons' name(s) and address(es).

**RESPONSE:**

No one else reviewed nor visited the Defendant's website with me on the date that I first visited it.

6. Describe the purpose of your visit to the website(s).

**RESPONSE:**

I have traditionally browsed websites, such as this one, for information regarding the company. I do it both as a potential customer and as a tester for website accessibility. I am a potential customer of the Defendant here because, although I reside in Miami-Dade County, Florida, I regularly travel to and stay with close friends in the Orlando, Florida area, specifically at 4143 Flying Fortress Avenue, Kissimmee, Florida. I also at times have stayed in the Econolodge located in Kissimmee, Florida. My most recent trip to the Orlando area was in May 2023, and I intend to revisit the area again in September and/or October 2023. When I visited Defendant's website here in May 2023, the information I searched included the following:

      a. Business locations.

      b. Hours of operation.

      c. Product and service offerings.

      d. Pricing.

      e. Online purchasing.

      f. Coupons.

I visited the website both as an ADA tester of websites and with the intent to make a purchase of some gifts for family members and my partners granschildren.

7. Specifically list each barrier or deficiency that you personally observed or experienced while visiting the website(s).

**RESPONSE:**

When accessing the website, I encountered the following access and navigation barriers:

a. Unlabeled graphics.

b. The shopping cart was mislabeled.

c. Inside the shopping cart, the option to remove the item was stated before the actual item was read by the screen reader.

d. Once an item was removed from the shopping cart, there was no confirmation that the action had occurred.

e. Some products had multiple images which were not labeled properly and did not describe the images.

f. When browsing products, the price was inaccessible.

8. Please specify all the ways in which you allege that the defendant's website fails to comply with 28 C.F.R. 36.302(e) or with any other applicable law.

**RESPONSE:**

The specific regulation is inapplicable as it applies to places of lodging and Defendant in this case does not own or operate a place of lodging but a retail store, which is covered by 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(5). However, the website contains the access and navigation barriers listed in the answer to Interrogatory No. 7 above. Defendant thus did not implement and make reasonable modifications to the website to enable it to integrate with available screen reader software and thereby make it equally and fully accessible to the blind and visually disabled. In addition, Defendant has not disclosed to the public any intended audits, changes, or lawsuits to correct the inaccessibility of the Website to visually disabled individuals, nor has it posted on the Website an effective and useable "accessibility" notice, statement, or policy to provide blind and visually disabled persons with a viable alternative means to access and navigate the Website. Defendant thus has failed to make reasonable modifications in its policies, practices, or procedures when such modifications are necessary to afford goods, services, facilities, privileges, advantages, or accommodations

to individuals with disabilities, in violation of 28 C.F.R. §36.302(a). The website also fails to provide appropriate auxiliary aids for the blind and visually disabled to assist with navigation of the website, which is a violation of 28 C.F.R. §36.303(c)(1)(ii).

9. Did you take notes or make a contemporaneous record of these barriers (i.e., screen shots or print outs of the website)? If so, please attach a copy to these Answers.

   RESPONSE:

   I memorialized these events and the encountered barriers by executing a sworn declaration, a copy of which is attached as Exhibit "1". In addition, my counsel retained an expert, Robert D. Moody, who independently visited the website shortly after I visited it and confirmed that the same access barriers, I encountered did in fact exist. The Declaration of Mr. Moody is attached as Composite "A" to the Complaint [see ECF No. 1-3]. Mr. Moody also ran an audit of the website using his PowerMapper tool to generate a Sortsite report that demonstrated the numerous access barriers, including ones in addition to the those I had encountered. A copy of the Sortsite report is attached hereto as Exhibit "2".

10. Identify the physical location(s) the use and enjoyment of which was impacted by the alleged deficiencies in the defendant's website(s).

    RESPONSE:

    One of the actual physical retail stores for which the website acted as a service, privilege, and advantage is located in the Orlando International Premium Outlets at 4951 International Drive, Orlando, Florida. I intend to visit this location in the near future when visiting the Orlando area.

11. What is the proximity of the physical locations identified in response to the foregoing interrogatory to your home and place of employment?

    RESPONSE:

    The Defendant's physical retail store location identified in response to the foregoing interrogatory is 222 miles from my home in Miami-Dade County. However, I regularly travel to and stay with close friends in the Orlando, Florida area, specifically at 4143 Flying Fortress Avenue, Kissimmee, Florida, which is 19.9 miles from the Defendant's physical retail store location identified in response to the foregoing interrogatory.

12. Describe your past patronage of the defendant's business and any of the physical locations identified in response to the foregoing interrogatories.

    RESPONSE:

    Although I have previously visited the Orlando International Premium Outlets I have not, to date, personally visited any of Defendant's physical locations. The physical location of the Defendant's retail store that I intend to patronize in the near future is in the Orlando International Premium Outlets at 4951 International Drive, Orlando, Florida.

13. Describe the definiteness of your plans to visit any physical location associated with the defendant's business and identify the physical location(s).

    RESPONSE:

    I plan to revisit the Orlando area later in September and/or in early or mid-October 2023, and when there, to visit and patronize the Defendant's physical retail store location in the Orlando International Premium Outlets at 4951 International Drive, Orlando, Florida, provided the access barriers on the website are remedied.

14. Please list any other Title III cases in which you have been a party in this District.

    1) *Victor Ariza v. RTK Investments, Inc. d/b/a Beachworks* – U.S. District Court for the Middle District of Florida Case No. 2:22-cv-00502-JLB-NPM.

    2) *Victor Ariza v. Beach Daisy Marco Inc.* – U.S. District Court for the Middle District of Florida Case No. 2:22-cv-00522-SPC-NPM.

    3) *Victor Ariza v. World Market of Florida, LLC,* – U.S. District Court for the Middle District of Florida Case No. 6:22-cv-1953-ACC-EJK.

    4) *Victor Ariza v. Bojangles' Restaurants, Inc.* – U.S. District Court for the Middle District of Florida Case No. 6:23-cv-00115-ACC-DCI.

    5) *Victor Ariza v Carbon Jeans Company LLC* – U.S. District Court for the Middle District of Florida Case No. 6:23-cv-00408-CEM-LEP.

    6) *Victor Ariza v. Hey Joy LLC d/b/a Hey Joy Toy Store* – U.S. District Court for the Middle District of Florida Case No. 6:23-cv-00619-CEM-EJK.

7) *Victor Ariza v. Art Core Furniture LLC* – U.S. District Court for the Middle District of Florida Case No. 6:23-CV-00519-WWB-DCI.

8) *Victor Ariza v. SeaWorld Parks & Entertainment, Inc.* – U.S. District Court for the Middle District of Florida Case No. 6:2023-CV-01258-PGB-EJK.

9) *Victor Ariza v. Metro Diner Management LLC* – U.S. District Court for the Middle District of Florida Case No. 6:23-CV-01597-RBD-RMN.

10) *Victor Ariza v. CBP Orlando, LLC* – U.S. District Court for the Middle District of Florida Case No. 6:23-CV-01599-WWB-RMN.

11) *Victor Ariza v. Aphonics LLC* – U.S. District Court for the Middle District of Florida Case No. 6:23-CV-01712-CEM-LHP.

12) *Victor Ariza v. Garra Holdings LLC* – U.S. District Court for the Middle District of Florida Case No. 6:23-cv-01774-RBD-RMN.

**[SIGNATURES APPEAR ON FOLLOWING PAGE]**

_____
VICTOR ARIZA

STATE OF FLORIDA )
) SS:
COUNTY OF MIAMI-DADE)

The Foregoing was acknowledged before me by means of ___ physical presence or ___ online notarization by VICTOR ARIZA, who being first duly sworn, deposes and says that he/she has read the foregoing Answers to Interrogatories, knows the contents of same, and to the best of his/her knowledge and belief, the same are true and correct.

SWORN TO AND SUBSCRIBED before me by means of _X_ physical presence or ___ online notarization, on this 21 day of September, 2023.

Notary Stamp

Signature of Person Taking Acknowledgment
Print Name: Marisol Perez
Title: Notary Public
Serial No. (if any):
Commission Expires: 07/25/26

> MARISOL PEREZ
> Notary Public - State of Florida
> Commission # HH 292500
> My Comm. Expires Jul 25, 2026
> Bonded through National Notary Assn.

9